# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 15, 2015
[Not to be published]

* * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| MELANIE WOOD, *as legal representative of L.W., a deceased minor child*, | |
| Petitioner, | No. 13-580V |
| v. | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Dismissal; Pentacel; Prevnar; Death. |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * *

<u>Anne C. Toale</u>, Maglio Christopher & Toale, P.C., Sarasota, FL for petitioner.
<u>Amy P. Kokot</u>, United States Department of Justice, Washington, DC for respondent.

## DECISION[1]

On August 14, 2013, petitioner filed a petition on behalf of her minor child, L.W., for Vaccine Compensation in the National Vaccine Injury Compensation Program ["the Program"].[2] Petitioner alleged that L.W. died as a result of receiving the Pentacel and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

Prevnar vaccines on December 12, 2011. Petition at ¶ 2, 3. The information in the record, however, does not show entitlement to an award under the Program. On June 12, 2015, petitioner moved for a decision dismissing the petition, stating: "an investigation of the facts and science supporting her case has demonstrated that petitioner will be unable to prove that L.W., decedent is entitled to compensation in the Vaccine Program." Pet. Mot. Dismissing the Petition at ¶ 1.

To receive compensation under the Program, petitioner must prove either 1) that the minor child suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one or more of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. See §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that L.W. suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that L.W.'s death was caused by the one, or a combination of, the vaccines at issue.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioner's claim, a medical expert opinion must be offered in support. Petitioner, however, has offered no such opinion that supports a finding of entitlement.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that L.W. suffered a "Table Injury" or that the minor's death was "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

                                         **s/ Nora Beth Dorsey**
                                         Nora Beth Dorsey
                                         Special Master